UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD FISHER, | 1:09-cv-01990 OWW MJS HC |
|     Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| J.D. HARTLEY, Warden, | [Doc. 12] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Krista L. Pollard, Esq., of the Office of the Attorney General for the State of California.

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles on October 18, 1977 finding the Petitioner guilty of murder in violation of California Penal Code Section 187. (Pet. at 1, ECF No. 1.) Petitioner was sentenced to serve an indeterminate term of seven (7) years to life in state prison. (Id.) On January 3, 2007, the Board of Parole Hearings ("Board") found Petitioner unsuitable for parole. (Id. at 6.)

Starting in February 2008, Petitioner filed three collateral challenges with respect to the Board decision finding him unsuitable for parole in the state courts, all petitions for writ of habeas corpus, as follows:

1. <u>Los Angeles County Superior Court</u>[1]
Filed: February 3, 2008[2];
Denied: February 20, 2009;

2. <u>California Court of Appeals, Second Appellate District</u>
Filed: May 18, 2009[3];
Denied: May 21, 2009;

3. <u>California Supreme Court</u>
Filed: Unknown[4];
Denied: October 28, 2009;

(See Pet. at 74-81; Mot. to Dismiss, Ex. 1, ECF No. 12-1.)

On November 9, 2009[5], Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On August 2, 2010, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed an opposition to Respondent's motion to dismiss on August 11, 2010. Respondent filed a reply on August 20, 2010.

///

---

[1] While the Petition is addressed to the Kings County Superior Court, it appears that the Petition was filed with, and adjudicated by, the Los Angeles County Superior Court.

[2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on February 5, 2008, pursuant to the mailbox rule the Court considers the petition filed on February 3, 2008, the date Petitioner signed the petition.

[3] A copy of this petition has not been submitted with the pleadings. Accordingly, it cannot be ascertained when Petitioner handed his petition to prison authorities for mailing. While Petitioner may benefit from the mail box rule, any such benefit is not relevant to the Court's determination of the motion to dismiss.

[4] A copy of this petition has not been submitted with the pleadings. Accordingly, it cannot be ascertained when Petitioner submitted the petition to the California Supreme Court.

[5] Although the petition was filed on November 13, 2009, under the mailbox rule the Court will consider the petition filed on November 9, 2009, the date Petitioner signed the petition.

## II.     DISCUSSION

### A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on November 9, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1).


As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the Petitioner's direct review became final. In a situation such as this where the Petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

Respondent submits that the limitations period began to run on January 3, 2007, the date of the hearing when the Board found Petitioner unsuitable for parole, and Petitioner had one-year thereafter to file a timely federal petition. Respondent's argument is flawed.

With respect to the discovery of the factual predicate of a claim alleging an unconstitutional denial of parole, the Ninth Circuit Court of Appeals has not decided whether the triggering event is the initial decision denying parole or the point at which the decision

1 becomes final. In Redd, the Ninth Circuit held that the factual predicate occurred on the date
2 the administrative decision to deny parole became final. 343 F.3d at 1083-1084. This occurred
3 after an administrative appeal taken by the petitioner was denied. Id.

4     At the time the Redd decision was rendered, September 11, 2003, California prisoners
5 could contest the Board's adverse parole decision by filing an administrative appeal from the
6 final decision of the Board. See Cal. Code Regs. tit. 15, § 2050 et seq. (2003). However, on
7 May 1, 2004, the administrative appeal process was repealed and abolished. See Cal. Code
8 Regs. tit. 15, § 2050 et seq. (2004).

9     Now, a parole consideration hearing decision, such as the January 4, 2007 decision in
10 this instance, is considered a proposed decision until it passes through a decision review
11 process.  Cal. Pen. Code § 3041(a), (b); Cal. Code Regs., tit. 15, § 2041(h). All proposed
12 decisions become final within 120 days unless the Board finds an error of law, the decision
13 was based on an error of fact, or if new information when corrected or considered by the
14 Board has a substantial likelihood of resulting in a substantially different decision on rehearing.
15 Id.; Cal. Penal Code § 3041(b) ("any decision of the parole panel finding an inmate suitable
16 for parole shall become final within 120 days of the date of the hearing. During that period, the
17 board may review the panel's decision.")

18     Generally, it is not knowledge of some facts pertinent to a claim that constitutes
19 discovery of a factual predicate within the meaning of § 2244(d)(1)(D); rather, it is knowledge
20 of facts constituting reasonable grounds for asserting all elements of a claim in good faith.
21 Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001). The time begins to run when the
22 petitioner knows, or through diligence could discover, the important facts, and not when the
23 petitioner recognizes their legal significance; it is not necessary for a petitioner to understand
24 the legal significance of the facts themselves before the obligation to exercise due diligence
25 commences and the statutory period starts running. Id. at 1154 n. 3.

26     Here, the parole decision itself stated that it would not be final for 120 days. At all
27 pertinent times, the state statute that provides for the parole suitability hearing and decision
28 has also expressly provided for review of the decision before finality. Cal. Pen. Code §

3041(a), (b). The state statute has also stated that any decision granting parole becomes final within 120 days of the date of the hearing. Cal. Pen. Code § 3041(b). The pertinent regulations have provided that parole decisions of the board after a hearing "are proposed decisions and shall be reviewed prior to their effective date in accordance with" specified procedures. Cal. Code Regs. tit. 15, § 2041(a) (2010). It is expressly provided that "[a]ny proposed decision granting, modifying, or denying a parole date for a life prisoner… shall become final no later than 120 days after the hearing at which the proposed decision was made." Cal. Code Regs. tit. 15, § 2043 (2010); see, Cal. Code Regs. tit. 15, § 2041(h). Under these circumstances, the initial, proposed decision cannot logically constitute all the facts constituting reasonable grounds for asserting a claim challenging a parole decision because the parole decision has yet to be made.

Considering the date upon which the parole decision becomes final as the triggering event is consistent with other cases in the circuit applying § 2244(d)(1)(D) to administrative decisions. The authorities were recently summarized in Baker v. Kramer, No. CIV-S-S-08-0311 FCD DAD P, 2010 U.S. Dist. LEXIS 25382, 2010 WL 1027537, at *3 (E.D. Cal. March 18, 2010):

> The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D): the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). "Courts ordinarily deem the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole." Wilson v. Sisto, No. Civ. S-07-0733 MCE EFB P, 2008 U.S. Dist. LEXIS 84646, 2008 WL 4218487, at *2 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, No. 1:08-cv-00114 OWW SMS HC, 2008 U.S. Dist. LEXIS 48682, 2008 WL 2509509, at *4 (E.D. Cal. June 23, 2009)). See also Stotts v. Sisto, No. CIV. S-08-1178-MCE-CMK-P, 2009 U.S. Dist. LEXIS 74060, 2009 WL 2591029, at *4 (E.D. Cal. Aug. 20, 2009); Van Houten v. Davison, No. CV 07-05256 AG (AN), 2009 U.S. Dist. LEXIS 24997, 2009 WL 811596, at *9 (C.D. Cal. March 26, 2009); Woods v. Salazar, No. CV 07-7197 GW (CW), 2009 U.S. Dist. LEXIS 64573, 2009 WL 2246237, at *5 & n.9 (C.D. Cal. Mar. 23, 2009) (citing cases); Perez v. Sisto, No. Civ. S-07-0544 LKK DAD P, 2007 U.S. Dist. LEXIS 77509, 2007 WL 3046006, at *4 (E.D. Cal. Oct. 18, 2007); Cal. Code Regs., tit. 15, § 2041(h) (Board decisions are final 120 days after the hearing); Cal. Penal Code § 3041(b) (same). Mark McGuire v. Mendoza-Powers, No. 1:07-CV-00086 OWW GSA HC, 2008 U.S. Dist. LEXIS 29489, 2008 WL

1704089, at *10 (E.D. Cal. April 10, 2008) (deeming factual predicate to have been discovered on the date of the Board decision). Following the majority of district courts to have considered this issue, the undersigned concludes that the factual predicate of petitioner's claims was "discovered" when the Board's decision denying parole became final on August 17, 2006.

Baker v. Kramer, 2010 U.S. Dist. LEXIS 25382 (E.D. Cal. Mar. 17, 2010)

Additionally, since the Baker decision, a large majority of district courts in California have held that the factual predicate occurs when the Board's decision becomes final 120 days after the hearing. See Brown v. Poulos, No. 2:09-CV-0541 WBS KJN P, 2010 U.S. Dist. LEXIS 25962 (E.D. Cal. March 19, 2010); Grissom v. Knowles, No. 2:09-CV-0040 JAM KJN P, 2010 U.S. Dist. LEXIS 28325 (E.D. Cal. March 15, 2010); McElroy v. Haviland, No. 2:09-cv-2259 GEB KJN P, 2010 U.S. Dist. LEXIS 28916 (E.D. Cal. March 24, 2010); Silva v. Gonzales, No. SACV 09-0608-JSL (JEM), 2010 U.S. Dist. LEXIS 73181 (C.D. Cal. March 25, 2010); Goodridge v. Subias, No. 2:07-cv-2650 LKK KJN P, 2010 U.S. Dist. LEXIS 30278 (E.D. Cal. Mar. 26, 2010); Estrada v. Uribe, No. 09cv1469-LAB (CAB), 2010 U.S. Dist. LEXIS 81564 (S.D. Cal. Mar. 30, 2010); Cota v. Harrington, No. CV 10-1628-CAS(RC), 2010 U.S. Dist. LEXIS 43127 (C.D. Cal. Apr. 1, 2010); Brown v. Clark, No. 1:09-cv-02145-LJO-SMS (HC), 2010 U.S. Dist. LEXIS 43129 (E.D. Cal. Apr. 30, 2010); Russell v. Hartley, No. 1:09-cv-02115-OWW-DLB (HC), 2010 U.S. Dist. LEXIS 45712 (E.D. Cal. May 6, 2010); Gonzalez v. Martel, No. 2:10-cv-0228-WBS-JFM (HC), 2010 U.S. Dist. LEXIS 47921 (E.D. Cal. May 13, 2010); Gracyalny v. Davidson, No. CV 10-0573-AG (MLG), 2010 U.S. Dist. LEXIS 66766 (C.D. Cal. May 24, 2010); Williams v. Finn, No. 2:09-cv-01691 MCE KJN P, 2010 U.S. Dist. LEXIS 65601 (E.D. Cal. May 25, 2010); Lacey v. Curry, No. C 09-1004 SI (PR), 2010 U.S. Dist. LEXIS 52989 (N.D. Cal. May 28, 2010); Guthrie v. Sisto, No. CIV S-09-2130-FCD-CMK-P, 2010 U.S. Dist. LEXIS 55374 (E.D. Cal. June 3, 2010); Riley v. Hartley, No. 1:09-cv-01012-AWI-SKO-HC, 2010 U.S. Dist. LEXIS 61050 (E.D. Cal. June 20, 2010); Walker v. Haviland, No. CIV-S- 09-0304 GEB KJM P, 2010 U.S. Dist. LEXIS 62307 (E.D. Cal. June 22, 2010); Nguyen v. Hartley, No. 09cv1464-WQH (CAB), 2010 U.S. Dist. LEXIS 81963 (S.D. Cal. June 22, 2010); Williams v. Finn, No. 2:09-cv-01691 MCE KJN P

1  2010 U.S. Dist. LEXIS 69761 (E.D. Cal. July 9, 2010); Burgoon v. Haviland, No. CIV
2  S-09-2712 DAD P, 2010 U.S. Dist. LEXIS 69513 (E.D. Cal. July 12, 2010); Anderson v. Cate,
3  1:09-cv-02226-LJO-DLB (HC), 2010 U.S. Dist. LEXIS 70635 (E.D. Cal. July 13, 2010); Reid
4  v. Haviland, No. CIV S-09-3400 GEB GGH P, 2010 U.S. Dist. LEXIS 73425 (E.D. Cal. July 20,
5  2010); Ontiveros v. Martel, No. CIV S-09-1161 MCE EFB P, 2010 U.S. Dist. LEXIS 73499
6  (E.D. Cal. July 20, 2010); Scott v. Haviland, No. CIV S- 09-2830 JAM GGH P, 2010 U.S. Dist.
7  LEXIS 73783 (E.D. Cal. July 20, 2010); Mayberry v. Hartley, No. 1:09-CV-00873 LJO GSA HC,
8  2010 U.S. Dist. LEXIS 74058 (E.D. Cal. July 21, 2010); Sims v. Curry, No. C 09-2251 MHP
9  (pr), 2010 U.S. Dist. LEXIS 84409 (N.D. Cal. July 22, 2010); Spade v. Haviland, No. CIV
10 S-09-2124-GEB-CMK-P, 2010 U.S. Dist. LEXIS 76003 (E.D. Cal. July 27, 2010); Smith v.
11 Sisto, No. CIV-S- 09-1778 GEB KJM P, 2010 U.S. Dist. LEXIS 80315 (E.D. Cal. Aug. 9, 2010);
12 See contra Ramirez v. Clark, No. 1:09-cv-01385-LJO-JLT HC, 2010 U.S. Dist. LEXIS 28868
13 (E.D. Cal. Mar. 26, 2010); Satterfield v. Hardtly, No. 1:09-cv-00117-LJO-JLT HC, 2010 U.S.
14 Dist. LEXIS 54865 (E.D. Cal. June 3, 2010); Randolph v. Walker, No. CIV-S- 09-1788 FCD
15 KJM P, 2010 U.S. Dist. LEXIS 63576 (E.D. Cal. June 23, 2010); Tung v. Hartley, No.
16 1:10-cv-00461-AWI-JLT HC2010 U.S. Dist. LEXIS 67785 (E.D. Cal. July 8, 2010); Imarogbe
17 v. Clark, 1:10-cv-01235-JLT HC, 2010 U.S. Dist. LEXIS 84639 (E.D. Cal. July 22, 2010).

18       This Court then concludes that the date on which the factual predicate of a decision on
19 Petitioner's parole could have been discovered through the exercise of reasonable diligence
20 was upon the decision's finality one hundred twenty (120) days after the decision was
21 rendered on January 3, 2007. Here, the Board's adverse decision rendered on January 3,
22 2007, was merely a proposed decision and it did not become final until 120 days thereafter,
23 on May 3, 2007. (See Mot. To Dismiss, Ex. 1 at 71.) The statute of limitations began to run the
24 next day, May 4, 2007, and Petitioner had one-year thereafter to file a timely petition. 28
25 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

26       Petitioner would have one year from May 4, 2007, absent applicable tolling, in which
27 to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the
28 instant petition until November 9, 2009, over a year and a half after the statute of limitations

period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on May 4, 2007. Petitioner filed his first state habeas petition on February 3, 2008, in the Los Angeles County Superior Court. At that point, 275 days of the limitations period had elapsed. Assuming the petition was properly filed, the statute of limitations is tolled for the time this petition was pending. The petition was denied on February 20, 2009. Petitioner next filed a state habeas petition in the California Court of Appeal, Second Appellate District on May 18, 2009, which was denied on May 21, 2009. Petitioner then filed a state habeas petition in the California Supreme Court which was denied on October 28, 2009. As noted above, not all of Petitioner's state petitions were submitted to the Court. A court may dismiss a petition only if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Here, it is possible that Petitioner may be entitled to statutory tolling for the period during which he filed his state petitions.

1  Accordingly, for the purposes fo this motion, the Court shall consider the statue of limitations
2  tolled during the period between February 3, 2008 and October 3, 2009.
3      As 275 days had expired prior to Petitioner filing his first round of state habeas petitions,
4  90 days of the limitations period remained as of October 3, 2009. Accordingly, Petitioner had
5  until January 1, 2010 to timely file his federal petition. The present petition was filed on
6  November 9, 2009, before the limitations period expired. Accordingly, the instant federal
7  petition was timely filed.

## III.   CONCLUSION

As explained above, Petitioner filed the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d) when granted the benefit of statutory tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be denied.

## IV.   RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be DENIED.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the

///
///
///

specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     September 6, 2010                      /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE